**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Frank Morley Heussner, Jr. and | § | |
| Karen Heussner, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action H-26-0585 |
| | § | |
| Federal Home Loan Mortgage | § | |
| Corporation et al., | § | |
| *Defendants.* | § | |

**MEMORANDUM AND RECOMMENDATION**

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 5. Pending before the court are Plaintiffs' Amended Applications for Temporary Restraining Order and Temporary Injunction, ECF Nos. 10 and 11, and Plaintiffs' Emergency Motion to Stay State Court Proceedings, ECF No. 19. The court recommends that Plaintiffs' motions, ECF Nos. 10, 11, and 19, be **DENIED**.

### *1. Background*

Plaintiffs Frank and Karen Heussner filed suit in state court in January 2026. Plaintiffs allege that, in 2007, they obtained a mortgage loan for property located at 7827 Wolfield Lane, Houston, Texas 77071 (the Property). ECF No. 1-4 at 3. Plaintiffs allege that Defendant Select Portfolio Servicing, Inc. (SPS) conducted a nonjudicial foreclosure sale of the Property on August 5, 2025, and Defendant Phillip Julian purchased the property at that time. *Id.* at 3–4. On August 21, 2025, Plaintiffs attempted to pay SPS $34,122.83 to reinstate the mortgage loan, but SPS rejected the reinstatement payment. *Id.* Now, Julian seeks to evict Plaintiffs from the Property. *Id.* Plaintiffs allege claims for wrongful foreclosure, breach of contract, fraud, and

violations of the Fair Debt Collection Practices Act, Texas Debt Collection Act, and Texas Deceptive Trade Practices Act. *Id.* at 5–7. Defendants removed the case to federal court on January 26, 2026. ECF No. 1.

On February 9, 2026, a state court ruled in favor of the Heussners in an eviction suit by Julian on procedural grounds. ECF No. 18-2 at 1. Later that day, Julian served Plaintiffs with a new Notice to Vacate the Property by February 12, 2026. ECF No. 10 at 3. Plaintiffs filed their amended motions for a TRO in this court on February 12.

Plaintiffs state in a supplement that another eviction proceeding began thereafter in state court and resulted in a "judgment for possession," apparently in favor of Julian, which was entered on March 3. ECF No. 18.

On April 10, Plaintiffs filed an Emergency Motion to Stay State Court Proceedings. ECF No. 19. Plaintiffs attached a state court order setting a trial for April 13. ECF No. 19-3. Plaintiffs seek temporary restraining orders (TRO) and preliminary injunctions to enjoin Julian from evicting Plaintiffs from the Property and to stay ongoing state court proceedings. ECF No. 10 at 6;[1] ECF No. 19 at 1.

### 2. *Legal Standard and Analysis*

A TRO is an extraordinary remedy that should only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a TRO or preliminary injunction, the movant must clearly show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that

---

[1] Plaintiffs' Amended Motions, ECF Nos. 10 and 11, were filed on the same day and appear to be identical.

may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest. *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013); *Black v. NewRez LLC*, No. 24-CV-0028, 2024 WL 1775343, at *1 (S.D. Tex. Apr. 2, 2024), *R. & R. adopted* (S.D. Tex. Apr. 24, 2024). The party moving for a TRO must carry the burden as to all four elements before a TRO may be issued. *Voting for Am., Inc.*, 732 F.3d at 386; *Kalkan v. Fed. Nat'l Mortgage Ass'n (Fannie Mae)*, No. 24-CV-2548, 2025 WL 3251620, at *1 (S.D. Tex. Nov. 21, 2025). To satisfy the first element of likelihood of success on the merits, a movant is not required to prove their entire case. *See Janvey v. Alguire*, 647 F.3d 585, 595–96 (5th Cir. 2011). Rather, the court looks to standards provided by the substantive law. *Id.* As to the second element, a plaintiff must show that there is no adequate remedy at law before either a TRO or preliminary injunction may be issued. *See id.* at 600. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *N. Miss. Med. Ctr., Inc. v. Quartiz Techs.*, No. 23-60483, 2025 WL 980568, at *7 (5th Cir. Apr. 1, 2025).

Plaintiffs are not entitled to a TRO or preliminary injunction. Plaintiffs have not shown that they are likely to succeed on the merits. The property was foreclosed several months before this suit was filed. Julian now appears to be in legal possession of the property. It is not clear that Plaintiffs have asserted any cause of action at all against Julian. It is also not clear that Plaintiffs have shown that success on the merits of any cause of action against the other defendants would entitle them to dispossess Julian of the property. Thus, there is no clear legal basis on which the court could stop the eviction.

Plaintiffs also have not shown that there is a substantial threat of irreparable harm if the injunction is not issued. Plaintiffs

can obtain money damages if they succeed on the merits. Moreover, as mentioned, the foreclosure took place well before this case was filed in state court. Julian has been in legal possession of the property for approximately eight months. What Plaintiffs now seek is to stop Julian's attempt to evict them. Stopping the eviction will not remedy the alleged wrongful foreclosure, which Julian took no part in. Moreover, Julian has not even been served with this lawsuit, or the motion for TRO. Plaintiffs have not clearly established the required elements for obtaining injunctive relief.

There are procedural problems as well. Under Federal Rule of Civil Procedure 65(a)(1), "[t]he court may issue a preliminary injunction only on notice to the adverse party." It does not appear that Plaintiffs served any motion on Julian, and there is no evidence showing that Julian has been properly served in this case. *See* ECF No. 1-3 at 2–3 (showing, on the state court docket, that Julian was not served prior to removal); ECF No. 10 at 7 (stating that the motion was served only to counsel via PACER). The docket sheet states that notice was not electronically mailed to Julian, and there is no physical address shown on the docket sheet for Julian. *See* ECF Nos. 10, 11, 19.

To the extent that Plaintiffs seek a TRO, the court may issue such an order without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). For the reasons stated above and because Plaintiffs have failed to comply with Rule 65, issuance of a TRO and issuance of a preliminary injunction, ECF Nos. 10, 11, and 19, should be denied.

4

### 3. Conclusion

The court recommends that Plaintiffs' Amended Applications for a TRO and Temporary Injunction, ECF Nos. 10 and 11, be **DENIED**, and that Plaintiffs' Emergency Motion to Stay State Court Proceedings, ECF No. 19, be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on April 13, 2026.

_____

Peter Bray
United States Magistrate Judge