United States District Court
Southern District of Texas
**ENTERED**
May 07, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FRANK MORLEY HEUSSNER, JR., *et al.*,

        Plaintiffs,

VS.

FEDERAL HOME LOAN MORTGAGE CORPORATION, *et al.*,

        Defendants.

§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. 4:26-CV-00585

## <u>ORDER</u>

Before the Court are United States Magistrate Judge Peter Bray's Memorandum and Recommendation filed on April 13, 2026 (Doc. #21) and *pro se* Plaintiffs' Objections (Doc. #25). Also before the Court are Plaintiffs' Emergency Motions to Stay Issuance and Enforcement of Writ of Possession. Doc. #27; Doc. #30; Doc. #31; Doc. #32; Doc. #33. The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and the applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.

This case arises from a nonjudicial foreclosure sale of property located at 7827 Wolfield Lane, Houston, Texas 77071 (the "Property") conducted on August 5, 2025. Doc. #1, Ex. 4. Plaintiffs challenge the foreclosure and seek to enjoin eviction by the purchaser. *Id.* In the Memorandum and Recommendation, the Magistrate Judge considered Plaintiffs' Amended Applications for Temporary Restraining Order and Temporary Injunction, as well as Plaintiffs'

Emergency Motion to Stay State Court Proceedings.  Doc. #21.  The Magistrate Judge recommends the Court deny those Motions.  *Id.*  In their Objections, Plaintiffs challenge the Magistrate Judge's conclusion that they have not shown a likelihood of success on the merits. Doc. #25 at 2.  Plaintiffs contend that misrepresentations surrounding the foreclosure and defects in the sale process render the foreclosure invalid and justify injunctive relief.  *Id.* at 2–3.  Upon review, the Court agrees with the Magistrate Judge's conclusion that Plaintiffs have not shown a substantial likelihood of success on the merits of a claim that would entitle them to enjoin eviction by the current possessor of the Property.  *See* Doc. #21 at 3.

Next, Plaintiffs challenge the Magistrate Judge's finding that they have not shown irreparable harm.  Doc. #25 at 3–4.  Plaintiffs contend that eviction from their home, particularly given their age and medical conditions, constitutes irreparable harm.  *Id.*  The Court recognizes the seriousness of that harm.  However, as discussed by the Magistrate Judge, Plaintiffs have not shown that the alleged harm cannot be remedied through monetary or other relief in the ordinary course of litigation.  Doc. #21 at 3–4.  Finally, Plaintiffs argue that any defect in service or notice should not defeat their request for injunctive relief.  Doc. #25 at 5.  Rule 65 provides that a "court may issue a preliminary injunction only on notice to the adverse party."  FED. R. CIV. P. 65(a)(1). The record does not show that Plaintiffs have provided the required notice under Rule 65(a)(1). Accordingly, Plaintiffs' final objection is overruled.

Moreover, Plaintiffs' later-filed Emergency Motions seek the same operative relief and fail for the same reasons discussed in the Memorandum and Recommendation.  *See* Doc. #27; Doc. #30; Doc. #31; Doc. #32; Doc. #33.  Plaintiffs have not shown a likelihood of success on the merits that would entitle them to a stay of related state-court proceedings, including enforcement of any writ of possession.  Furthermore, Plaintiffs have still not provided evidence that Defendant Phillip

2

Julian, the current possessor of the Property and the party they seek to enjoin from pursuing eviction, has been served with this lawsuit or any motion for injunctive relief. Accordingly, Plaintiffs have not clearly established an entitlement to injunctive relief.

In conclusion, the Court adopts the Memorandum and Recommendation (Doc. #21) as its Order. As such, Plaintiffs' Amended Applications for a TRO and Temporary Injunction (Doc. #10; Doc. #11) and Plaintiffs' Emergency Motion to Stay State Court Proceedings (Doc. #19) are hereby DENIED. Finally, Plaintiffs' Emergency Motions to Stay Issuance and Enforcement of Writ of Possession (Doc. #27; Doc. #30; Doc. #31; Doc. #32; Doc. #33) are likewise DENIED.

Finally, the Court notes that Plaintiffs have filed five emergency motions within the span of one week, each seeking substantially similar relief. The Court cautions Plaintiffs that the repeated filing of duplicative emergency motions is an improper use of judicial resources. Plaintiffs are advised that requests for emergency relief must be supported by a proper legal and factual basis. Absent materially changed circumstances, any further duplicative motions seeking the same relief may be summarily denied.

It is so ORDERED.

**MAY 0 7 2026**
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

3